## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBIN K. MAGEE, | Civil No. 13-1164 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| HAMLINE UNIVERSITY, DONALD LEWIS, JON DOE, JANE ROE, and TRUSTEES OF THE HAMLINE UNIVERSITY, MINNESOTA, | |
| Defendants. | |

Albert T. Goins, Sr., **GOINS LAW OFFICES, LTD.**, 301 Fourth Avenue South, Suite 378, Minneapolis, MN  55415; and Damon L. Ward, **WARD LAW GROUP**, 301 Fourth Avenue South, Suite 378N, Minneapolis, MN 55415, for plaintiff.

Maurice G. Jenkins, **JACKSON LEWIS LLP**, 2000 Town Center, Suite 1650, Southfield, MI  48075; and V. John Ella, **JACKSON LEWIS LLP**, 225 South Sixth Street, Suite 3850, Minneapolis, MN  55402, for defendants.

This case is the second federal lawsuit to arise out of the termination of Robin Magee from her position as a law professor at the Hamline University School of Law. Magee brings claims for violations of 42 U.S.C. § 1981 as well as numerous state statutory and common law claims against Defendants Hamline University, Trustees of the Hamline University, and Donald Lewis, the law school's dean at the time of Magee's termination, (collectively, "Hamline").  Hamline moves to dismiss on the basis that claims asserted by Magee in this litigation which were not alleged in the first litigation are barred by the doctrines of res judicata and claim splitting.  Because the Court finds

that Magee's sole federal claim is barred by res judicata, it will dismiss that claim.  With regard to the remaining state law claims, the Court will decline to exercise supplemental jurisdiction over those claims and will remand them to state court.

## BACKGROUND[1]

### I.   *MAGEE I*

Plaintiff Robin Magee was a tenured law professor at Hamline University School of Law.  (Notice of Removal, Ex. B ("First Am. Compl.") ¶ 1, May 15, 2013, Docket No. 1.)[2]  In July 2011, Hamline terminated Magee following Magee's criminal conviction for misdemeanor tax law violations.  (First Am. Compl. ¶¶ 48-49, 116.)

On April 15, 2011, Magee filed her initial complaint in federal court against Hamline as well as Saint Paul Police Officer David Titus.  (Civ. No. 11-949 ("*Magee I*") Compl., Apr. 15, 2011, Docket No. 1.)  Magee's complaint brought claims under 42 U.S.C. § 1983 against Hamline and Titus alleging that they had acted in concert to violate Magee's constitutional rights.  (*Id.* ¶¶ 19-24.)  Specifically, Magee alleged that Titus had conspired with Hamline to have Magee terminated in retaliation for the exercise of her First Amendment rights because she had published an editorial in the Saint Paul Pioneer Press critiquing the Saint Paul Police Department, to which Titus had responded,

---

[1] The Court recites the facts only to the extent necessary to rule on the present motion.  A more complete recitation of the facts can be found in the Court's previous dismissal order.  *See Magee v. Trs. of the Hamline Univ., Minn.*, Civ. No. 11-949, 2013 WL 1332031 (D. Minn. Mar. 29, 2013).

[2] Unless otherwise noted, citations to docket entries refer to entries in the present civil case, number 13-1164.

accusing Magee of "race baiting" and "cop-hating." (*Id.* ¶¶ 10-11.) The § 1983 claim was the only federal claim included in Magee's complaint. The complaint also included state law claims for intentional interference with contract and breach of contract against Hamline. (*Id.* ¶¶ 25-31.)

Titus and Hamline moved to dismiss Magee's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Civ. No. 11-949, Def. Titus' Mot. to Dismiss, Apr. 20, 2012, Docket No. 20; Civ. No. 11-949, Hamline Defs.' Mot. to Dismiss, Apr. 20, 2012, Docket No. 24.) Magee then requested leave to amend her complaint and filed a copy of her proposed amended complaint. (Civ. No. 11-949, Mot. to Amend, May 11, 2012, Docket No. 32.; Civ. No. 11-949, Ex. ("Proposed Am. Compl."), May 14, 2012, Docket No. 36.) The proposed amended complaint included almost one hundred new factual allegations, added the Saint Paul Police Federation ("SPPF") as a defendant, alleged claims for violation of § 1983 and intentional interference with a contract against the SPPF (Proposed Am. Compl. ¶¶ 124-32) and asserted new causes of action for intentional interference with a contract against Titus and promissory estoppel, breach of the duty of good faith and fair dealing, and defamation against Hamline (*id.* ¶¶ 133-52).

On October 15, 2012, United States Magistrate Judge Arthur J. Boylan issued an Order and Report and Recommendation on Magee's motion to amend and defendants' motions to dismiss. (Civ. No. 11-949, Order and R&R, Oct. 15, 2012, Docket No. 56.) The Magistrate Judge granted Magee's motion to amend to the extent it sought to add the factual allegations in the Proposed Amended Complaint, but denied the motion in all

other respects.  (*Id.* at 25.)  The Magistrate Judge also recommended that the Court grant defendants' motions to dismiss Magee's § 1983 claims and decline to exercise supplemental jurisdiction over the remaining state law claims.  (*Id.* at 25-26.)

The Court affirmed the Magistrate Judge's order and adopted the R&R.  *Magee v. Trs. of the Hamline Univ., Minn.* (*Magee I*), Civ. No. 11-949, 2013 WL 1332031 (D. Minn. Mar. 29, 2013).  The Court concluded that the Magistrate Judge correctly denied Magee's motion to amend her complaint, because her proposed § 1983 claim against SPPF and her additional state law claims failed to state a claim, and amendment would therefore be futile.  *Id.* at *10-11.  The Court additionally found that even if Magee's proposed state law claims were not futile, the Court would decline to exercise supplemental jurisdiction over them.  *Id.* at *11.

The Court also adopted the Magistrate Judge's recommendation to dismiss Magee's § 1983 claims for failure to state a claim.  *Id.* at *3-7.  The Court concluded that Magee failed to adequately allege that Titus was acting under color of state law at the time of the alleged constitutional violations, for purposes of imposing § 1983 liability. *Id.* at *3-6.  Because Magee's allegations failed to establish that Titus (the officer with whom Hamline allegedly conspired) was not a state actor within the meaning of § 1983, the Court found that Hamline could not have been acting under color of state law when it allegedly violated Magee's constitutional rights.  *Id.* at *7.

The Court dismissed Magee's § 1983 claims against all defendants with prejudice. *Id.* at *12.  The Court subsequently declined to exercise supplemental jurisdiction over Magee's remaining state law claims, and dismissed those claims without prejudice.  *Id.* at

*7-9, *12.   Magee appealed the Court's dismissal order to the Eighth Circuit Court of

Appeals.  (Civ. No. 11-949, Notice of Appeal to Eighth Circuit, Apr. 29, 2013, Docket

No. 79.)  The appeal has been fully briefed, and oral argument was heard on February 12,

2014, but the Eighth Circuit has not yet reached a decision.

## II.   *MAGEE II*

After the Court dismissed Magee's claims in *Magee I*, Magee filed a new

complaint in Minnesota state court ("*Magee II*").  (Notice of Removal, Ex. A.)  Magee

later amended her state court complaint to add additional claims.  (First Am. Compl.)

The first amended complaint names Hamline University, Trustees of Hamline University,

Donald Lewis in his individual capacity, and Jon Does and Jane Roes as defendants.

(First. Am. Compl. ¶¶ 2-5.)  Magee's first amended complaint alleges violations of 42

U.S.C. § 1981 (Count I), intentional interference with employment contract (Count II),

breach of employment contract (Count III), violations of the Minnesota Human Rights

Act ("MHRA") (Count IV), aiding and abetting violations of the MHRA (Count V),

common law civil conspiracy (Count VI), and declaratory judgment (Count VII).  (First

Am. Compl. ¶¶ 143-174.)

Hamline removed the case to federal court based on federal question jurisdiction

under 28 U.S.C. § 1331.  (Notice of Removal ¶¶ 7-8.)  Hamline moves to dismiss Counts

I, IV, V, VI, and VII of the first amended complaint, arguing that these "new" claims

now asserted by Magee that were not presented in the complaint in *Magee I* are barred by

the doctrines of res judicata and claim splitting.[3]  In the alternative, Hamline moves to dismiss Magee's MHRA claims on statute of limitations grounds and the declaratory judgment claim for failure to plead a legally sufficient claim for relief.

## ANALYSIS

## I.     STANDARD OF REVIEW

In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "'claim to relief that is plausible on its face.'"  *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed.  *Id.* (internal quotation marks omitted).  Rule 12(b)(6) also authorizes the Court to dismiss a claim on the basis of a dispositive legal issue.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

---

[3] Counts II and III of the first amended complaint, alleging intentional interference with a contract and breach of employment contract, were asserted in *Magee I*, and the Court dismissed those claims without prejudice after declining to exercise supplemental jurisdiction over them. *Magee I*, 2013 WL 1332031, at *7-*9.  Hamline does not move for dismissal of these claims.

## II.     RES JUDICATA

Hamline moves to dismiss the claims asserted in the first amended complaint that were not brought in *Magee I* arguing that these claims are barred by res judicata because "[a]ll of these claims relate to the termination of [Magee's] employment, and all of these claims could have been asserted in *Magee I*." (Defs.' Mem. in Supp. of Mot. to Dismiss at 8, May 22, 2013, Docket No. 10.) The § 1981 claim asserted in the first amended complaint is the only claim providing the Court with original federal jurisdiction in this matter. Because the Court ultimately concludes that res judicata bars assertion of the § 1981 claim, it will dismiss that claim with prejudice and again decline to exercise supplemental jurisdiction over Magee's remaining claims. Accordingly, the Court need not address whether the state law claims asserted in the first amended complaint that were not alleged in *Magee I* are also barred by res judicata.

### A.     Materials Considered

As an initial matter, the Court must determine whether it may consider its March 29, 2013 dismissal order in *Magee I* at the motion to dismiss stage for purposes of determining whether Magee's current claims are barred by res judicata.

Generally a motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). But the Eighth Circuit has recognized that the affirmative defense of res judicata may be raised in a motion to dismiss, if the applicability of res judicata "is apparent on the face of the complaint." *C.H. Robinson*

*Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8ᵗʰ Cir. 2012) (internal quotation marks omitted).   In reviewing such a motion, the "face of the complaint" consists of "public records and materials embraced by the complaint" including prior court orders and judgments.   *Id*. at 764 (internal quotation marks omitted).   Because the Court's previous dismissal order is part of the public record, the Court may properly consider that order in resolving the present motion to dismiss.   *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8ᵗʰ Cir. 1999).

### B.   Res Judicata

A federal court applies federal law to determine the preclusive effect of a judgment in a case based on federal question jurisdiction such as *Magee I*.   *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).[4]   "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"   *Id.* at 892.   "'Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.'"   *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8ᵗʰ Cir. 2013) (quoting *Migra v.*

---

[4] Magee appears to argue that the preclusive effect of the Court's decision in *Magee I* is a matter of state law, at least with respect to the effect of that order on her newly asserted state law claims.   (*See* Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss at 32, June 19, 2013, Docket No. 17.)   The case relied upon by Magee for this proposition states only that "the preclusive effect of the federal dismissal **in state court** is a matter to be determined by state courts under state law." *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 531 n.2 (Minn. 1988) (emphasis added).   Because this Court, not a state court, is determining the preclusive effect of *Magee I*, *Buetz* does not control.   Furthermore, even assuming that Minnesota law governed the preclusive effect of *Magee I*, the Court's analysis of the application of res judicata would not be altered because the elements of res judicata under Minnesota law are nearly identical to the elements of res judicata under federal common law.   *Compare Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8ᵗʰ Cir. 2008), *with Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)).  Claim preclusion, on the other hand, "operates to preclude a party from relitigating the same cause of action." *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006) (citing *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001)).  Although issue preclusion bars parties from relitigating only those issues "that were actually litigated and necessary to the outcome of a prior judgment," *Jefferson Smurfit Corp. v. United States*, 439 F.3d 448, 451 (8th Cir. 2006), the claim preclusion aspect of res judicata "bars claims that were or could have been litigated in the earlier proceeding," *Wedow*, 442 F.3d at 669.  *See also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

The Court begins by determining whether issue or claim preclusion is more appropriate in this case.  The Court dismissed Magee's § 1983 claim on the basis that her pleadings failed to plausibly allege that any of the defendants were acting under color of state law or in concert with state actors at the time they allegedly violated her First Amendment rights.  *Magee I*, 2013 WL 1332031 at *3-*7.  Section 1981, however, "prohibit[s] all racial discrimination, whether or not under the color of law, with respect to the rights enumerated therein" and "encompass[es] private as well as governmental action."  *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 387 (1982) (internal quotation marks omitted).  Therefore dismissal of Magee's § 1983 claim for failure to allege state action did not resolve the issues raised by Magee's § 1981 claim.  Because Magee's § 1981 claim raises issues that were not actually litigated in *Magee I*,

the Court will analyze the preclusive effect of *Magee I* under the doctrine of claim preclusion rather than issue preclusion.

To establish that res judicata bars a claim, the party seeking to invoke the doctrine must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (internal quotation marks omitted).  If the elements of res judicata are met, "the parties are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Lundquist*, 238 F.3d at 977 (quoting *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948)).  The parties do not dispute that the Court's judgment in *Magee I* was based on proper jurisdiction and that both *Magee I* and *Magee II* involve the same parties.  Accordingly, the Court will address only the first and last requirements for the application of res judicata.  The Court will begin its analysis by considering whether the § 1981 claim involves the same claims or causes of action as *Magee I*.

### 1.    Same Claim or Causes of Action

The Eighth Circuit "has adopted the position of the Restatement (Second) of Judgments in determining whether two causes of action are the same for res judicata purposes." *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990).  The Restatement provides that:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Restatement (Second) of Judgments § 24 (1980) (internal citations omitted). "[U]nder this approach a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Lane*, 899 F.2d at 742; *see also Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). Whether the legal theories asserted in the two causes of actions differ is "relatively insignificant because a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 674 (8th Cir. 1998) (internal quotation marks omitted).

Here, Magee's § 1981 claim in *Magee II* and § 1983 claim in *Magee I* "involve precisely the same nucleus of operative facts." *Lane*, 899 F.2d at 743. Both claims arise out of the same transaction or series of transactions: Magee's termination by Hamline and the events precipitating Magee's termination. The claims are the same for purposes of res judicata, because the gist of both is that Magee was terminated wrongfully and in violation of her constitutional rights. *Cf.* at 743 ("The gist of all of the claims in this case and those in *Lane I* is that the defendants wrongfully acquired and sold the Lane Companies and should now be made to disgorge the proceeds."). The claims brought by Magee in these two separate actions are similar to claims that the Eighth Circuit found to arise from the same nucleus of operative facts in *Mills v. Des Arc Convalescent Homes*, 872 F.2d 823, 826-27 (8th Cir. 1989). In *Mills*, the court explained:

> The claims in both of Mill's suits emerge from the same transaction and share precisely the same nucleus of operative facts. Both are based on

> Mills's alleged wrongful termination from employment as a result of racial discrimination.  Therefore, the prior judgment in the Title VII suit barred the section 1981 suit against the same parties or their privies.

*Id.* (internal citations and quotation marks omitted); *see also* Restatement (Second) of Judgments § 24, comment a at 197 (explaining that a claim for res judicata purposes is "coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights").  As in *Mills*, here both Magee's § 1981 and § 1983 claim are based on her alleged wrongful termination as a result of violation of her constitutional rights.  Accordingly, the Court finds that Magee's § 1981 claim involves the same claims or causes of action as *Magee I* for purposes of res judicata.

## 2.      Final Judgment on the Merits

For res judicata to bar a claim, the first suit must have "resulted in a final judgment on the merits." *Yankton Sioux Tribe*, 533 F.3d at 639.  "[I]t is well-established that a Rule 12(b)(6) dismissal is a 'judgment on the merits' for res judicata purposes unless the plaintiff is granted leave to amend or the dismissal is reversed on appeal." *United States v. Maull*, 855 F.2d 514, 516 n.3 (8th Cir. 1988); *see also Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1044 & n.2 (8th Cir. 1997).  A dismissal without prejudice for lack of jurisdiction, however, does not constitute a final judgment on the merits.  *See Sandy Lake Band of Miss. Chippewa*, 714 F.3d at 1103; *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 148 (8th Cir. 1981) ("[W]hen a dismissal is for 'lack of

jurisdiction,' the effect is not an adjudication on the merits, and therefore the res judicata bar does not arise.").

In *Magee I* the Court dismissed Magee's § 1983 claim with prejudice. Having dismissed the only independent basis for federal jurisdiction, the Court declined to exercise supplemental jurisdiction over her state law claims, and dismissed those claims without prejudice. *Magee I*, 2013 WL 1332031 at \*12. Therefore, the only final judgment entered in *Magee I* was the judgment dismissing Magee's § 1983 claim. *See Maull*, 855 F.2d at 516 n.3; *see also Meng v. Schwartz*, 305 F. Supp. 2d 49, 62-63 (D.D.C. 2004) ("Here, the Court's only decision on the merits in Meng I was the dismissal of the federal RICO claim. . . . [T]he Court's decision not to exercise supplemental jurisdiction over the plaintiffs' pendant state law claims was not a decision on the merits, and, as such, was wholly collateral to the Court's decision on the merits.").[5]

Although the Court did not enter final judgment with respect to all of the claims in *Magee I*, a partial final judgment may still be accorded preclusive effect. *See Wintermute v. Kan. Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011) ("[R]es judicata applies to all final claims, even if other claims within a case remain live."). The Court finds that the final judgment rendered with respect to Magee's § 1983 claim has preclusive effect and

---

[5]  The Court notes that the judgment with respect to the § 1983 claim is final even though Magee appealed that dismissal and that appeal is still pending. "It is well established in the federal courts that 'the pendency of an appeal does not diminish the res judicata effect of a judgment rendered by a federal court.'" *Dickinson v. Ewing* (*In re Ewing*), 852 F.2d 1057, 1060 (8th Cir. 1988) (quoting *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497-98 (D.C. Cir. 1983)).

operates to bar the newly asserted § 1981 claim because Magee could have brought that claim in *Magee I*.  *See Wintermute*, 630 F.3d at 1067 ("[A] prior judgment binds a party not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." (internal quotation marks omitted)).   That the Court chose not to exercise supplemental jurisdiction over the state law claims in *Magee I* does not alter the res judicata analysis with respect to § 1981.   In *Zurich Capital Markets Inc. v. Coglianese*, 383 F. Supp. 2d 1041 (N.D. Ill. 2005), for example, the court found that new federal claims raised in a second lawsuit were barred by res judicata, even though in the first lawsuit the court had dismissed the only federal claim and then declined to exercise supplemental jurisdiction over state law claims alleged in the first lawsuit.[6]  *Id.* at 1044, 1050.   The court found that plaintiffs' failure to plead all causes of action in the first lawsuit prevented the court from resolving, in a single action, all claims over which it had jurisdiction and therefore was "exactly the situation that res judicata is designed to prevent." *Id.* at 1046-47; *see also Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1366-68 (7th Cir. 1988) (holding that with respect to claims arising out of the same transaction or occurrence res judicata required a plaintiff to bring all claims for which original federal jurisdiction exists in a single lawsuit); *Tidwell v. JPMorgan Chase Bank, N.A.*, Civ. No 13-2621, 2013 WL 5539414, at *9-*10 (N.D. Cal. Oct. 8, 2013) (finding that

---

[6] For purposes of the Court's res judicata analysis it is immaterial that Magee brought her second lawsuit in state rather than federal court.  Because the § 1981 claim provides the Court with federal question jurisdiction, Magee could have filed *Magee II* in this Court.  Therefore the analysis from *Zurich Capital Markets* applies with equal force here, even though the case is before the Court through removal rather than direct filing.

res judicata barred newly asserted federal claims in a second federal action where the federal claims asserted in the first federal action had been dismissed with prejudice and the court had declined to exercise supplemental jurisdiction over the remaining state law claims). Here, Magee was required, at the very least, to bring all of her claims based on original federal jurisdiction in *Magee I*.[7]

Taking Magee's proposed construction of res judicata to its logical conclusion demonstrates its unworkability. Magee seems to contend that a federal court's refusal to exercise supplemental jurisdiction over state law claims automatically eliminates the preclusive effect of any judgment rendered by the federal court in connection with that refusal. This would lead to the absurd scenario where a plaintiff could bring individual federal claims in a piece meal fashion each time her case is dismissed for refusal to exercise supplemental jurisdiction. For example a plaintiff could bring a § 1983 claim and state claims, upon dismissal of the § 1983 claim and refusal to exercise supplemental jurisdiction, the plaintiff could return to state court bringing a § 1981 claim and state claims. If that case is removed, the court could again dismiss the only federal claim, refuse to exercise supplemental jurisdiction, and the plaintiff could then return to state court and assert a Title VII claim based on the same set of facts or occurrence. Under Magee's interpretation, res judicata would be powerless to stop this type of repetitive litigation that it is specifically designed to prevent. *Cf. Merrimack Street Garage, Inc. v.*

---

[7] Indeed, the Court in *Magee I* noted that it would not exercise supplemental jurisdiction over Magee's state law claims although Magee "suggested that she intends to bring more federal claims against Defendants" because "Magee did not assert these claims in either her original or her proposed amended complaint." *Magee I*, 2013 WL 1332031 at *9.

*Gen. Motors Corp.*, 667 F. Supp. 41, 44 (D.N.H. 1987) (finding in the context of remand from an appellate court that res judicata prevents the assertion of brand new causes of action because "[t]he fact that a case is remanded for further proceedings does not automatically render res judicata attachment inapplicable" and "[c]arried to its logical end, plaintiff's interpretation would allow even the most carefully crafted and narrowly restricted remand to serve as a springboard for the renewal of litigation"). The Court's refusal to exercise supplemental jurisdiction over state law claims in *Magee I* does not automatically provide Magee with an unlimited number of opportunities to raise new federal claims. Accordingly, the Court finds that *Magee I* has preclusive effect and bars the assertion of Magee's § 1981 claim, and will dismiss that claim with prejudice.

## III.   STATE LAW CLAIMS

Hamline also moves to dismiss the state law claims in the first amended complaint that were not alleged in *Magee I*. The Court will decline to exercise supplemental jurisdiction over these claims, and will remand them to Hennepin County District Court. Accordingly, the Court exercise no opinion on the preclusive effect of *Magee I* with respect to these new state law claims.

The sole basis for the Court's jurisdiction over Magee's remaining state-law claims is 28 U.S.C. § 1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are a part of the same case or controversy as the claims that fall within the district court's original jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court may, in its discretion, decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." *See*

*Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). "The district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011). In determining whether to exercise supplemental jurisdiction the Court considers judicial efficiency, convenience, and fairness to litigators. *See Condor Corp. v. City of St. Paul*, 912 F.2d 215, 221 (8th Cir. 1990); *see also Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006). In assessing efficiency, convenience, and fairness, courts look to a number of factors, including "the stage of the litigation; the difficulty of the state claim; the amount of time and energy necessary for the claim's resolution; and the availability of a state forum." *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1051 (D. Minn. 2003) (internal quotation marks omitted). "[W]hen federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims." *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981), *overruled on other grounds by Pinter v. Dahl*, 486 U.S. 622 (1988). "If the claim giving original jurisdiction is dismissed early in the action, 'before any substantial preparation has gone into the dependent claims, dismissing or remanding the [state claims] upon declining supplemental jurisdiction seems fair enough.'" *Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000) (quoting 28 U.S.C. § 1367 cmt. at 835 (1993)). Courts should "exercise judicial restraint and avoid state law issues wherever possible," *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) (internal quotations omitted), and the relevant factors typically point toward declining to exercise supplemental jurisdiction, *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In *Magee I*, the Court considered all of these factors and concluded that federal district court was not the most suitable forum for adjudicating Magee's state law claims. *Magee I*, 2013 WL 1332031 at *8. Specifically, the Court declined to exercise supplemental jurisdiction because the case was at an early stage of litigation, the difficulty of the state law claims weighed in favor of declining supplemental jurisdiction, the parties had not yet devoted substantial time and energy to resolving the state law claims in this Court, and there was an available state forum in which to resolve the remaining claims. *Id.* at *8-*9. The Court finds no reason to alter its conclusions in the present case.

As to the state of litigation, there has been little progression since the conclusion of *Magee I*. The case is still at a very early stage. Discovery has not yet been completed and the state court did not have the opportunity to consider or rule on the merits of any claims in the case before it was removed to federal court. *See Washington v. Daimlerchrysler Fin. Servs. Am. LLC*, Civ. No. 08-0698, 2009 WL 35469, at *2 (D. Minn. Jan. 5, 2009) (declining to exercise jurisdiction where, among other factors "this litigation is relatively undeveloped" although there had "been some initial discovery and Plaintiff has filed a non-dispositive motion"). Magee's current state law claims, some of which are identical to the state law claims raised in *Magee I*, are no less difficult to assess in this case. *See Magee I*, 2013 WL 1332031 at *8. To the contrary, by including additional state claims, Magee's complaint now presents more state law issues that the Court should avoid if possible. *See DeLite Outdoor Advertising, Inc. v. City of St. Paul*, 167 F. Supp. 2d 1072, 1075 n.1 (D. Minn. 2001) (explaining that district courts,

as a matter of comity, should avoid needless decisions of state law).  Additionally, the parties still have not devoted substantial time and energy to resolving the state law claims involved in this matter.  The present motion to dismiss did not require the Court to delve into the legal or factual bases for the state law claims.  Therefore, the amount of time necessary to resolve the remaining claims also weighs in favor of declining to exercise supplemental jurisdiction.  *See Farris v. Exotic Rubber & Plastics of Minn., Inc.*, 165 F. Supp. 2d 916, 919 (D. Minn. 2001) (declining to exercise supplemental jurisdiction after granting summary judgment on the only federal claim explaining that "the litigation is not so far along that dismissal of these claims will work a hardship on any party").  Finally, as removal of this case makes obvious, there is an available state forum in which to resolve the remaining claims.

As a final matter, the Court notes that refusing to exercise supplemental jurisdiction is consistent with its determination on res judicata and its disposition in *Magee I*.  It would undermine the Court's discretion regarding the exercise of supplemental jurisdiction if the parties could circumvent the Court's decision to decline to exercise supplemental jurisdiction by merely later asserting new federal claims and removing those claims to federal court.  Because all federal claims in this case have been eliminated, the balance of factors points toward declining to exercise jurisdiction over the remaining state-law claims.  *See Cohill*, 484 U.S. at 350 n.7.

Having declined supplemental jurisdiction, the Court will remand Magee's state law claims to the Hennepin County District Court under 28 U.S.C. §§ 1367(c) and 1441(c).  *See Lindsey v. Dillard's Inc.*, 306 F.3d 596, 599 (8th Cir. 2002); *see also Brown*

*v. City of Bloomington*, 280 F. Supp. 2d 889, 895 (D. Minn. 2003) (remanding state court claims after dismissing the sole federal claim, which had been the basis of removal).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss [Docket No. 7] is **GRANTED in part** and **DENIED in part** as follows:

1.      Plaintiff's Section 1981 Claim (Count I) is **DISMISSED with prejudice**.

2.      Plaintiff's claims for intentional interference with a contract (Count II), breach of contract (Count III), violations of the MHRA (Counts IV and V), common law conspiracy (Count VI), and declaratory judgment (Count VII) are **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, County of Hennepin.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  February 19, 2014
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge